**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scrum, | No. CV-21-08240-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This is a Social Security appeal.  On December 13, 2021, the Court referred the matter to Magistrate Judge Morrissey for the preparation of a report and recommendation ("R&R") as to the final disposition.  (Doc. 10.)  On November 15, 2022, Judge Morrissey issued an R&R concluding that the ALJ's decision should be affirmed.  (Doc. 19.)  Now pending before the Court are Plaintiff's objections to the R&R.  (Doc. 20.)  For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and the ALJ's decision is affirmed.

## DISCUSSION

I.   <u>Legal Standard</u>

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter.  *Id.*

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court.  A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1).  *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").  Thus, district judges need not review an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II.     Analysis

A.     **Listing 12.06(C)**

The ALJ concluded during step two of the disability analysis that Plaintiff suffered from various severe impairments, including "unspecified schizophrenia spectrum and other psychotic disorder, social anxiety disorder, [and] history of amphetamine dependence and spondylosis," but concluded during step three that Plaintiff's impairments did not meet, and were not medically equivalent to, the criteria of any listed impairment.  (AR at 22-24.)

With respect to listing 12.06, the ALJ began by offering an extensive discussion of "whether the 'paragraph B' criteria are satisfied," concluding those criteria were not satisfied in part because "the claimant is still capable of maintaining interaction with

individuals in a variety of situations independently, appropriately, effectively, and on a sustained basis despite his mental impairments. . . .  [T]reating and examining providers noted the claimant was pleasant and cooperative . . . he reported getting along with his cellmate when he was incarcerated . . . [and] he has good relationships with his mother and children.  He reports having two close friends.  He has a well documented history of social anxiety.  However, he was able to travel with his friend and join a gym.  Thus, he is no more than moderately limited in this area."  (*Id.* at 22-23.)  Separately, the ALJ also "considered whether the 'paragraph C' criteria are satisfied" and concluded they were not satisfied for the following reasons:

> The record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life.  The claimant has no residual disease process resulting in such marginal adjustment that an increase in mental demands or change in environment would be predicted to cause the claimant to decompensate.  Nor is there a current history of one or more years of an inability to function outside a highly-supportive living arrangement with an indication of continued need for such an arrangement.

(*Id.* at 24.)

In his opening brief, Plaintiff argues that the ALJ committed error when evaluating listing 12.06(C).  (Doc. 16 at 4-6.)  The R&R recommends that the Court reject this assignment of error.  (Doc. 19 at 4-9.)  More specifically, the R&R explains that listing 12.06(C) requires proof of both (1) "[m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the claimant's] mental disorder" and (2) "[m]arginal adjustment, that is, . . . minimal capacity to adapt to changes in [the claimant's] environment or to demands that are not already part of [the claimant's] daily life."  (*Id.* at 4, citation omitted.)  The R&R concludes that the ALJ did not err in the course of analyzing those criteria because:

> While the ALJ did not cite specific record evidence in the paragraph addressing those criteria, she did cite relevant evidence elsewhere at step

three and in the section discussing her RFC findings.  In her discussion of the B criteria at step three, for instance, the ALJ noted providers described Plaintiff in his interactions with others as pleasant and cooperative; that he had good relationships with his mother, his children, and a few close friends; and that he could go to a gym and travel.  The ALJ concluded Plaintiff had only a moderate limitation in the area of adapting or managing himself, and that "[his] ability to perform daily tasks is consistent with the mental functioning required to perform some work tasks despite his mental impairment."  The ALJ noted signs of improvement in the medical record despite Plaintiff's "history of anxiety and isolative behavior," such as Plaintiff's ability to travel, go to the gym, and maintain independence in personal care, including preparing simple meals, managing finances, and caring for his children on some weekends.  The ALJ cited and discussed evidence of Plaintiff's improvement with medications and his daily activities elsewhere in the decision.  This evidence goes directly to the questions of whether Plaintiff can only function in a highly structured environment and whether he has the capacity to adapt to changes in his environment or to take on new responsibilities or demands without a corresponding exacerbation of symptoms.  Indeed, under her B criteria analysis the ALJ directly addressed the degree of Plaintiff's limitation in the functional category of adapting or managing oneself, where the ALJ assigned Plaintiff only a moderate limitation.  This functional area involves the ability to "to regulate emotions, control behavior, and maintain well-being in a work setting[,]" and includes the abilities necessary to respond to workplace demands, adapt to changes, and make plans independently.  A "moderate" limitation in this category, such as the ALJ assigned here, means Plaintiff retains a "fair" ability to function within that domain, *i.e.*, between "slightly limited" and "seriously limited" on a five-point scale.  Comparatively, "marginal adjustment," as noted above, means that despite two years of ongoing treatment, psychosocial supports, or living within a highly structured or supportive setting, the individual's ability to adapt to "the requirements of daily life is fragile" or that he has only "minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life."  The Commissioner finds "marginal adjustment when the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning[,]" such as the inability to function outside the home or other restrictive setting "without substantial psychosocial supports[.]"  The evidence cited by the ALJ addresses these questions. The ALJ's discussion of the relevant evidence elsewhere at step three and beyond is sufficient.

(*Id.* at 6-7.)

1   Plaintiff now objects to this portion of the R&R's analysis.  (Doc. 20 at 1-5.)
2   Plaintiff argues that the ALJ's discussion of the B criteria was insufficient to address the C
3   criteria because the latter require consideration of the claimant's functioning in light of a
4   highly structured environment that eliminates all but minimally necessary contact with the
5   world outside the claimant's living space; that the evidence cited by the ALJ (including
6   going to the gym, maintaining several friendships, traveling, and periodically caring for his
7   children) was insufficient; and that this case is indistinguishable from *J.P. v. Saul*, 2021
8   WL 6197319 (N.D. Cal. 2021).  (*Id.*)  In response, the Commissioner argues that "[t]his
9   Court should affirm the ALJ's finding that Plaintiff was not per se disabled based on Listing
10  12.06C" because "the ALJ offered detailed citations throughout the decision clarifying how
11  Plaintiff showed more than marginal adjustment and did not depend on a highly supportive
12  living arrangement.  Specifically, . . . the ALJ[ found] that Plaintiff was pleasant and
13  cooperative, had a good relationship with family and friends, was able to travel and go to
14  the gym, and could prepare simple meals, manage his own finances, and take care of his
15  children on some weekends."  (Doc. 21 at 2-3.)

16  The Court has carefully reviewed the R&R's analysis concerning listing 12.06(C),
17  agrees with that analysis, and concludes that Plaintiff's objections to that analysis lack
18  merit.  As noted in the R&R, "the record . . . contain[s] evidence Plaintiff reported joining
19  a gym and working out and 'going away for the weekend' to celebrate his birthday with a
20  friend.  The record also supports that Plaintiff cares for his kids and has good relationships
21  with them, and that he retained the ability to engage in personal care, handle finances and
22  engage in other household chores, such as preparing meals and taking out the trash."  (Doc.
23  19 at 6 n.4, citations omitted.)  Against this backdrop, it was rational for the ALJ to
24  conclude that the highly restrictive criteria in listing 12.06(C) were not satisfied.  And
25  "[w]here the evidence is susceptible to more than one rational interpretation, one of which
26  supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*,
27  278 F.3d 947, 954 (9th Cir. 2002).  Finally, although it is unfortunate that the ALJ did not
28  cite record evidence in the specific paragraph of the decision addressing the C criteria, the

1    Court agrees with the R&R that the ALJ's explanation and analytical path concerning the

2    C criteria may be reasonably discerned from the decision as a whole. *Cf. Kaufmann v.*

3    *Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (the district court initially committed clear error

4    by "cit[ing] only a single page of the ALJ's decision" in support of the conclusion that the

5    ALJ failed to provide an adequate explanation for a particular determination, because this

6    approach "overlook[ed] the ALJ's full explanation," and the district court properly

7    concluded upon reconsideration that "the entire record . . . supports the ALJ's conclusion").

8            B.    **Dr. Ruzich**

9            In March 2020, clinical psychologist Cynthia Ruzich, Psy.D., conducted an

10   interview, medical records review, and examination of Plaintiff. (Doc. 19 at 9-10, citing

11   AR at 494-500.) Afterward, Dr. Ruzich opined that Plaintiff has various limitations. (*Id.*)

12           The ALJ did not fully credit Dr. Ruzich's opinions. (AR at 29.) The ALJ's rationale

13   was as follows:

14           Functionally, [Dr. Ruzich] opined the claimant had no problems in
             understanding and memory. She opined he would have difficulty completing
15           a normal workday and maintaining attendance. She further opined the
             claimant had no social or adaptation limits. This opinion is somewhat
16           persuasive. The opinion regarding difficulty completing a workday and
             maintaining attendance is not persuasive, as it is based primarily upon the
17           claimant's subjective reports of symptoms and limitations. The opinion is
             inconsistent with the evidence as a whole and is based upon a one-time
18           examination. Dr. Ruzich's opinion that the claimant has no social or
             adaptation limitations is not persuasive, as it is inconsistent with the record,
19           which clearly shows a history of treatment for social anxiety. Additionally,
             this opinion is inconsistent with the opinions of reviewing psychologist, Dr.
20           Fair, who opined to limitations in this area. As such, Dr. Ruzich's opinion is
             not fully persuasive.
21

22

23   (*Id.*)

24           In his opening brief, Plaintiff argues that the ALJ committed error when discrediting

25   Dr. Ruzich's opinions. (Doc. 16 at 6-9.) The R&R recommends that the Court reject this

26   assignment of error. (Doc. 19 at 9-13.) More specifically, the R&R explains that because

27   Plaintiff filed his application for benefits after March 2017, the ALJ's analysis of Dr.

28   Ruzich's opinions was governed by the new SSA regulations, which simply require

consideration of the supportability and consistency factors.  (*Id.* at 10-11.)  The R&R notes that the ALJ explicitly considered the consistency factor and concludes that substantial evidence supports the ALJ's finding of inconsistency in light of the evidence "that Plaintiff's condition improved with medication compliance, that Plaintiff reported 'doing fairly well psychiatrically,' that mental status examinations throughout the relevant period have been 'generally normal,' and that Plaintiff engaged in daily activities which contravene the reported severity of his symptoms.  The ALJ cited treatment records documenting Plaintiff presented as 'alert and oriented with euthymic mood,' and with 'goal directed, logical and coherent thought form, unremarkable speech, no evidence of psychosis[,] and good insight and judgment' . . . .  [T]he ALJ [also] cited Plaintiff's own reports of minimal symptoms with medication compliance."  (*Id.* at 11-13.)  Separately, the R&R explains that substantial evidence supports the ALJ's decision to discredit Dr. Ruzich's opinions based on another instance of inconsistency—specifically, Dr. Ruzich's failure to assign any limitations in the areas of social interaction or adaptation, which conflicted with "prior administrative findings" and "Plaintiff's longstanding complaints of social anxiety and treatment for the same."  (*Id.* at 13 n.7.)  Finally, the R&R explains that another of the ALJ's rationales for discounting Dr. Ruzich's opinions—for being primarily based on Plaintiff's subjective complaints—was flawed but concludes that this error was harmless in light of the ALJ's identification of other properly supported bases for discounting Dr. Ruzich's opinions.  (*Id.* at 13 n.8.)

In his objections, Plaintiff argues that the R&R's analysis pertaining to Dr. Ruzich was flawed because "[t]he ALJ failed to state why Dr. Ruzich's limitations in sustained concentration and persistence are unsupported and inconsistent."  (Doc. 20 at 5-7.) Plaintiff accuses the ALJ of providing a "medical summary [that] excludes critical information that conflicts with her findings" and identifies various medical records that, in Plaintiff's view, "establish[] the exact waxing and waning of symptoms described by *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)."  (*Id.* at 6-7.)  In response, the Commissioner argues that the R&R's analysis as to the consistency factor was correct,

disagrees with the R&R's conclusion in footnote eight concerning reliance on subjective complaints, and contends that, even if the Court agrees with footnote eight, the R&R's finding of harmlessness as to that error is correct.  (Doc. 21 at 3-4.)

Plaintiff's objections concerning Dr. Ruzich lack merit.  As an initial matter, Plaintiff does not address (let alone challenge) footnote seven of the R&R, which explains that the ALJ permissibly discounted Dr. Ruzich's opinions on the ground that Dr. Ruzich's failure to assess any limitations in the areas of "social or adaptation limitations" was inconsistent with the other evidence in the record.  This unchallenged determination provides an independent basis for adopting the R&R's overall recommendation to reject Plaintiff's challenge concerning Dr. Ruzich.  At any rate, the Court also agrees with the R&R's determinations that (1) substantial evidence supports the ALJ's determination that Dr. Ruzich's opined-to limitations regarding "sustained concentration and persistence" were inconsistent with the medical evidence in the record and (2) any error in discrediting Dr. Ruzich's opinions due to overreliance on subjective reports of symptoms was harmless. As for the former, although Plaintiff identifies various pieces of evidence in the record that *could* view viewed as consistent with Dr. Ruzich's opined-to limitations, it was rational for the ALJ to conclude otherwise after weighing all of the conflicting evidence and, as discussed in Part II.A above, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas,* 278 F.3d at 954.[1]

…

…

…

…

…

…

…

---

[1]     Given these determinations, there is no need to address Plaintiff's third objection to the R&R, which addresses the proper remedy in the event of reversal.  (Doc. 20 at 8-9.)

Accordingly,

**IT IS ORDERED** that:

(1)     Plaintiff's objections to the R&R (Doc. 20) are **overruled**.

(2)     The R&R (Doc. 19) is **adopted**.

(3)     The decision of the ALJ is **affirmed**.

(4)     The Clerk shall enter judgment accordingly and terminate this action.

Dated this 15th day of December, 2022.

Dominic W. Lanza
United States District Judge